Ruffin, C. J.
 

 The plaintiff offered for probate a script purporting to be the last will and testament of John Davidson, deceased, dated September 3, 1844, whereby he bequeathed to his wife three slaves for her life with remainder to three of his children, and appointed the plaintiff the executor; and a
 
 coveat
 
 was entered by some others of the children, and an issue of
 
 devisavit vel nan
 
 was made up. At the same time a bill was filed by the remainder men and other children in the Court of Equity against the plaintiff and Mrs. -Davidson, to restrain the removal of the three slaves from the State.
 

 The defendant was a practicing lawyer and applied to by the plaintiff to conduct the two causes, as his attorney and counsel, in conjunction with another member of the bar, and they undertook the business, and, as a remuneration therefor, he paid each of the counsel f30 and also
 
 *301
 
 gave to each of them his bond for #250, as a farther arad conditional fee for their attention to the causes and trying them, and succeeding in them. The bilí then aiieges, that the chai'ge was excessive and that the defendant made many representations, calculated and intended to alarm the plaintiff unnecessarily, as to the danger of losing the causes and the serious consequences to him therefrom, so as to obtain from him this security for a sum far above an adequate remuneration for the services to be rendered. But it is not necessary to state them particularly, as the decision of the Court proceeds upon a different ground. The bill further alleges, that the defendant drew the plaintiff’s answer in -the suit in Equity, merely denying any intention to remove the slaves and rendered no other service therein ; and that he made up the issue on the
 
 comat
 
 and attended the Court a term or two afterwards, but did not try the cause nor continue his attention to it up to the time of the trial. On the contrary, it states, that a year or more before the cause came on for trial, the defendant gave over all attention to it, and indeed abandoned his practice entirely, and the plaintiff was consequently compelled to employ other counsel in the defendant’s stead to manage and try the issue. That they succeeded in establishing the will and thereupon the defendant demanded payment of the bond to him for
 
 $250, and,
 
 upon the plaintiff’s refusal, he put it in suit. The prayer is to be relieved against the bond and for repayment of the money if it should be collected, before the hearing of this suit.
 

 The answer denies the charges of taking undue advantage, and insists, that the fees were reasonable, inasmuch as the question in the court was as to the capacity or insanity of the alleged testator, which was deemed doubtful, and the plaintiff had a deep personal intei'est in it, because he claimed a tract of land and eight slaves under conveyances made contemporaneously by Davidson. The an
 
 *302
 
 swer states, that the defendant drew the answer in the suit in Equity, and that he also instructed the plaintiff in preparing the will cause for trial, and examined many persons, whom the plaintiff brought to him as his witnesses. It denies, that the defendant abandoned the plaintiff’s cause and states that the defendant withdrew irom the bar, on account of domestic affliction, before the trial (the second term before, according to the evidence,) but had spoken to other counsel to attend to his cases; and it further states, that the trial, which subsequently took place was merely formal; for that, under the advice of the counsel originally engaged with the defendant and the one subsequently employed by the plaintiff, the causes were compromised and by consent a verdict passed in favor of the will.
 

 Supposing such contracts between attorney and client, as the present, to be sustainable in equity, it appears to the Court, that the defendant cannot be allowed to enforce this, because he did not perform the services he engaged to perform, as the consideration of the bond. It is true, he did some acts as the plaintiff’s attorney. But it is equally true, that he received some compensation in the $30 paid him. The other bond was conditional, and in its nature the condition must be-deemed entire and as going to the whole bond. The money was to be paid in case the defendant brought the cause to trial and tried it successfully. The plaintiff employed the defendant, and agreed to give that fee, because of his estimation of both his fidelity and ability in his profession, and it cannot be assumed, that he would have engaged to give as much to another member of the bar. The great reliance in such cases is on the services of eminent counsel in the trial itself, and it is obviously next to impossible, when the counsel declines to appear on the trial to apportion a conditional fee, so as to remunerate instructions and services.
 
 *303
 
 prior to the trial, in a manner to do justice to the expectations of the client, and meet the intentions of the parties.
 

 In this case, however, the defendant, for aught that can be seen, wilfully withheld his services at the trial. He says, indeed, that he withdraw from the bar for domestic reasons, and that he engaged other counsel in all his business. But he gives no evidence of either, and therefore, it cannot be assumed, if it would do him any good. The truth is, however, that the plaintiff was obliged to employ another counsel, and the cause was settled by compromise, about a year after the defendant had gone out of it. The terms of the compromise are not stated, but it is manifest, that, if the
 
 caveators
 
 voluntarily abandoned the contest, the cause must have been one in which the fees stipulated were inordinately high, and if the present plaintiff paid them anything,
 
 non constat,
 
 that he would have done so, if the defendant in the performance of his engagement and duty had been there to advise and act for him. In fine, it is unprofessional and unconscientious to claim a conditional fee, payable on succeeding in a cause, which the counsel neglected and abandoned, without trying, and a term or two before the trial. The plaintiff must have the .decree he asks and with costs.
 

 Per Curiam. Decree accordingly.